# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: December 17, 2020

```
* * * * * * * * * * * * * * * * * * * * * * * *
DORETHA ROBINSON,              *      No. 19-1254V
                               *
            Petitioner,        *      Special Master Sanders
v.                             *
                               *
SECRETARY OF HEALTH            *      Dismissal; Insufficient Proof;
AND HUMAN SERVICES,            *      Influenza ("Flu") Vaccine;
                               *      Transverse Myelitis ("TM")
            Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Kimm Massey*, Massey Law Group, Bowie, MD, for Petitioner.
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On August 22, 2019, Doretha Robinson ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she developed transverse myelitis ("TM") as a result of the influenza ("flu") vaccine she received on October 19, 2016. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On December 15, 2020, Petitioner filed an unopposed motion for a decision dismissing her petition. *See* ECF No. 23. In her motion, Petitioner conceded that "an investigation of the facts and science supporting this case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program[.]" *Id.* at 1. She continued, "[u]nder these circumstances, to proceed further would not be advisable and would not be a good use of the resources of the Court, the [R]espondent, or the Vaccine Program." *Id.* Respondent had no objection to Petitioner's motion. *Id.*

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). Petitioner alleged that she "received a vaccine set forth in the Vaccine Injury Table[,]" and her "injury is the result of the flu vaccination [] she received on October 19, 2016." *See* Pet. at 2. However, Respondent indicated "[t]ransverse myelitis is not an injury listed on the Vaccine Injury Table for the flu vaccine . . . [t]herefore, [P]etitioner may not claim a presumption of causation and instead must prove that the flu vaccine caused-in-fact her TM." *See* Resp't's Report at 7, ECF No. 19. The record, however, does not contain persuasive evidence that Petitioner's TM was caused by the flu vaccine she received.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records alone, unsupported by an expert opinion, *see* ECF Nos. 14, 16, are insufficient to prove Petitioner's claim. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.